# EXHIBIT 2

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT, IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>DEAN WAYNE NELSON WILSON</u>
Plaintiff

vs.

<u>CARNIVAL CORPORATION</u>
Defendant

Case # _____

Judge _____

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

### III.    TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.     REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.     NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

  <u>4</u>

**VI.     IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.     HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.     IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.     DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ John Fitzgerald Billera</u>     Fla. Bar # <u>869041</u>
    Attorney or party          (Bar # if attorney)

<u>John Fitzgerald Billera    </u>       <u>11/12/2024</u>
 (type or print name)         Date

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

DEAN WAYNE NELSON WILSON,

        *Plaintiff*,

v.

CARNIVAL CORPORATION,
a foreign corporation,

        *Defendant*.

_____/

CASE NO. _____

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, DEAN WAYNE NELSON WILSON, by and through undersigned counsel, and filed his Complaint and sues the Defendant, CARNIVAL CORPORATION, and in support thereof states as follows:

## **GENERAL ALLEGATIONS**

1.     This is an action seeking damages in excess of the jurisdictional limits of the Circuit Court, in and for Miami-Dade County, Florida.

2.     This is an admiralty and maritime claim arising under the federal general maritime law of the United States, and is brought in this Court under the Savings to Suitors Clause of 28 U.S.C. §1333(1).

3.     On or about March 11, 2022, Plaintiff, DEAN WAYNE NELSON WILSON (hereinafter "NELSON WILSON"), a Nicaraguan citizen, was a seaman, crewmember, and/or business invitee onboard the cruise ship *M/V CARNIVAL VISTA*.

4.     Defendant, CARNIVAL CORPORATION (hereinafter "CARNIVAL"), is a foreign for-profit corporation and maintains its principal place of business in Miami-Dade County, Florida. CARNIVAL is a citizen of the state of Florida under 28 U.S.C. Sec. 1332(c)(1).

5.     CARNIVAL was Plaintiff's Jones Act employer and at all material times, CARNIVAL provided, was required to provide, and/or undertook to provide Plaintiff's medical treatment, including maintenance and cure.

6.     CARNIVAL was also the operator and/or bare boat charterer and/or owner pro hac vice of the cruise ship *M/V CARNIVAL VISTA*. The *M/V CARNIVAL VISTA* was at all material times operating out of a United States port.

7.     At all times material, Defendant CARNIVAL, personally or through an agent:

a.     Operated, conducted, engaged in, or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

b.     Has its principal place of business in Miami-Dade County, Florida;

c.     Was engaged in substantial activity within this state;

d.     Operated vessels in the waters of this state;

e.     Committed one or more of the acts stated in Florida Statutes, Section 48.081, 48.181, or 48.193; and

f.     The acts of Defendant set out in this Complaint occurred in whole or in part of this county and/or state.

8.     On or about March 11, 2022, Plaintiff was working onboard the M/V CARNIVAL VISTA as a Galley Assistant. On this day, Mr. Nelson Wilson was on duty when he went to use the restroom. Upon entering the restroom facility, he slipped and fell due to a liquid substance on the ground and fell backwards severely injuring and/or aggravating his back and left hand.

9.     When Plaintiff entered the public restroom, the floor was wet from a recent cleaning. However, the cleaner who mopped the floor, leaving it wet and slippery, failed to post a "wet floor" sign, failed to cordon off the area until the restroom floor dried, and failed to warn the

Plaintiff that the floor was wet. After Plaintiff fell, said cleaner came to assist him and admitted that he forgot to place a "wet floor" sign in the area.

10.     Plaintiff immediately reported his injury to his supervisor and was seen by a shipboard physician.

11.     The next day, March 12, 2022, Plaintiff attended the infirmary with continued complaints of a severe pain in his left wrist and lower back pain he rated at a pain score of 7. The shipboard physician diagnosed him with a contusion on the left wrist, prescribed medications, a wrist brace and then gave him a single day off duty.

12.     On April 3, 2022, Plaintiff returned to the infirmary with the complaints of pain in his left hand and limited ability to perform his duties. An X-Ray was performed showing no fracture or dislocation. The shipboard physician prescribed pain medication and declared him fit for duty. However, Mr. Nelson Wilson was advised that he was going to be sent home because he could not perform his duties.

13.     Plaintiff again presented to the infirmary on April 6, 2022 with complaints of severe pain in his left wrist and an inability to work. Mr. Nelson Wilson related to the shipboard physicians that the pain was now radiating into his forearm, that his wrist was swollen, and that he was experiencing occasional numbness causing him to drop plates on duty. The shipboard physician diagnosed him with a sprain and strain of the wrist and made a shoreside referral to an orthopedic specialist.

14.     The following day, April 7, 2022, Plaintiff was sent Shoreside for an orthopedic evaluation by Dr. Corona Pablo. Dr. Pablo diagnosed him with Quervains tenosynovitis left wrist injury and suspect fibrocartilage triangular complex injury. Dr. Pablo administered a local injection for pain and recommended two days off work and an MRI of Mr. Nelson Wilson's wrist

for further evaluation.

15.     The same day, Plaintiff returned to the infirmary and was diagnosed with a radial styloid tenosynovitis in his left wrist. Mr. Nelson Wilson was booked off work for two days.

16.     On April 7, 2022, Plaintiff again presented to the infirmary with pain in left hand. He was seen by a shipboard physician who prescribed medication and discharged him.

17.     Plaintiff returned to the Shoreside physician, Dr. Pablo on April 11, 2022 for a review of his left wrist MRI. He was told that the MRI revealed no findings. Dr. Pablo declared him fit for duty.

18.     The same day, Plaintiff followed up with the infirmary with complaints of his left wrist pain. Shipboard physicians diagnosed him with a dissociative (conversion) disorder, unspecified. Mr. Nelson Wilson was declared fit for full duty and again discharged from care.

19.     Dr. Sabeer Mohamed, a shipboard physician, prepared a report on April 11, 2022 indicating that Plaintiff had reached full medical evaluation and was fit for duty.

20.     On May 23, 2022, Plaintiff was seen by Dr. Raul Acuna Jo, an orthopedist, for his persistent pain in his low back and left hand. Dr. Acuna Jo diagnosed him with post-trauma back pain and left wrist pain, prescribed medications and recommended an x-ray and ultrasound with further evaluation.

21.     Despite the above findings, Defendant has failed to provide any additional treatment to Plaintiff to address his conditions.

22.     Plaintiff continues to suffer from severe back and left wrist pain. None of his conditions have been resolved.

23.     Plaintiff has not been found to be at Maximum Medical Improvement ("MMI") for his back and left wrist injuries/illnesses. As such, Plaintiff is entitled to receive maintenance and

medical cure from Defendant in a timely and complete manner.

24.     The Third District Court of Appeal has described the doctrine of maintenance and

cure as follows:

> Maintenance and cure is an ancient duty under the law of admiralty that arises
> against a shipowner in favor of a seaman who becomes ill, injured, or
> incapacitated, or whose condition becomes aggravated or enhanced for any
> reason, at least until the time that the seaman has achieved maximum medical
> recovery . . . Admiralty courts have traditionally been liberal in interpreting the
> scope of this duty . . . The seamen are wards of the Court and maintenance and
> cure should be afforded as long as there is any ambiguity or uncertainty about the
> continuation of that status . . . "The nature and foundations of the liability
> required that it be not narrowly confined or whittled down by restrictive and
> artificial distinctions defeating its broad and beneficial purposes." *Aguilar v.
> Standard Oil Co.*, 318 US 724, 735, 63 S.Ct. 930, 87 LED. 1107 (1943).

*Duarte v. Royal Caribbean Cruises, Ltd.*, 761 So.2d 367, 368 (Fla. 3d DCA 2000).

25.     The United States Supreme Court held that "the breadth and inclusiveness of a

shipowner's duty to pay maintenance and cure "assure its easy and ready administration for [i]t has

few exceptions or conditions to stir contentions, cause delays, and invite litigations." *Vella v. Ford

Motor Co.*, 421 U.S. 1, 95 S. Ct. 1381, LED. 2d 682 (1975). An injured seaman is entitled to every

benefit of the doubt when there is any ambiguity regarding whether maintenance and cure should

be paid. *Vaughan v. Atkinson*, 369 U.S. 527, 530-331, 82 S.Ct.997, 999-1000, 8 LED.2d 88 (1962);

*Aguilar v. Standard Oil Co.*, 318 U.S. 724, 87 LED. 1107, 63 S.Ct. 930 (1943). See also, *Atlantic

Sounding Co., Inc. v. Townsend*, 29 S.Ct. 2561 (2009).

### COUNT I – JONES ACT NEGLIGENCE AGAINST CARNIVAL

Plaintiff realleges, incorporates by reference and adopts paragraphs 1 through 25 as though

they were fully set forth herein and further alleges:

26.     Defendant, CARNIVAL, as Plaintiff's Jones Act employer, owed Plaintiff duties

of care, including but not limited to the following:

a.  The duty to provide Plaintiff with a reasonably safe working environment;

b.  The duty to provide Plaintiff with reasonably safe conditions in which to work;

c.  The duty to provide, implement and/or enforce safety rules, policies, and procedures to keep the vessel in a safe condition;

d.  The duty to instruct and/or train its crewmembers to perform tasks with a procedure, method, or policy that would avoid injuries, when CARNIVAL knew or should have known that said tasks would result in risk of injury; and

e.  The duty to implement safe and reasonable work methods.

27.     On or about March 11, 2022, and thereafter, the Plaintiff was severely injured as a direct and proximate result of STARBOARD's breach of the above duties, as follows:

a.  Failure to provide a safe place to work by failure to properly assess the risks of the various job tasks and activities the Plaintiff was assigned to during the times he was working aboard the *M/V CARNIVAL VISTA* for the Defendant CARNIVAL. See *Cabezas v. United States*, 2007 U.S. Dist. 72625 (N.D. Ca. 2007);

b.  Failure to provide Plaintiff with adequate safety procedures when shoreside as part of his daily work load;

c.  Failure to warn;

d.  The failure to provide, implement and/or enforce safety rules, policies, and procedures to keep the vessel in a safe condition;

e.  Allowing a slippery substance to exist in a crew restroom;

f.  Failure to adequately instruct Claimant's fellow crewmembers, including his supervisors, in the proper safety precautions to take when shoreside;

g.  In that the master, owner and/or operators of the vessel failed to provide the

Claimant with a reasonably safe ship and appliances and appurtenances and to keep same in a reasonably safe condition;

h.  In that the master, owners and/or operators of the vessel failed to provide a reasonably safe place for the Claimant to work and perform his duties;

i.  In that the master, owners and/or operators of the vessel failed to maintain said vessel and its equipment appliances in a reasonably safe condition, including a failure to fully staff the vessel with necessary personnel, and said parties knew or should have known of the unsafe condition;

j.   Defendant and its corporate officers, servants, agents, employees and other persons for whom the Defendants are responsible, failed to take reasonable precautions for the Plaintiff under the circumstances and conditions then existing to the knowledge of the Defendant.

k.  Defendant's shipboard medical personnel were negligent in sending Plaintiff back to work in an injured condition, and for failing to properly assign him to light duties or determine the extent and nature of Plaintiff's injuries prior to sending him back to work; and

l.  Defendant is vicariously liable for the shipboard medical staff's improper and inadequate medical care; and

m.  Other acts and/or omissions of unseaworthiness that will be found in discovery and proven at trial.

28.     Defendant, CARNIVAL, knew or should have known of the foregoing conditions and had the opportunity to correct them prior to Plaintiff's accident.

29.     As a direct and proximate result of the negligence of the Defendant, its agents

and/or employees, the Plaintiff was caused to suffer severe bodily injury, was and still is incapacitated from work, will in the future be unable to engage in his vocation as a crew member, and/or any other occupation requiring the full use of his body and limbs.

30.     As a further direct and proximate result of this injury suffered by the Plaintiff, the Plaintiff has and will suffer pain and mental anguish and has incurred medical expenses for the alleviation of his injuries, suffered a diminishment of earning capacity as well as lost wages and has lost the enjoyment of leading a normal life, all of which injuries are permanent and continuing in nature.

**WHEREFORE**, Plaintiff demands all damages allowed under the general maritime law, including but not limited to compensatory damages, court costs, interest, and prejudgment interest, and demands trial by jury of all issues so triable.

<u>**COUNT II – UNSEAWORTHINESS AGAINST CARNIVAL**</u>

Plaintiff realleges, incorporates by reference and adopts paragraphs 1 through 25 as though they were fully set forth herein and further alleges:

31.     Defendant, CARNIVAL, as the vessel owner *pro hac vice* and/or operator of the *M/V CARNIVAL VISTA*, owed Plaintiff the absolute non-delegable duty to provide a seaworthy vessel. *Mitchell v. Trawler Racer, Inc.*, 362 U.S. 539, 80 S. Ct. 926 (1960). The duty to provide a seaworthy vessel includes the duty to furnish a vessel and appurtenances reasonably fit for their intended use. *Id.* The duty is not any less with respect to a temporary unseaworthy condition. *Id.*

32.     On or about March 11, 2022, and thereafter, the Plaintiff was injured as a direct and proximate result of CARNIVAL's breach of its duty to provide a seaworthy vessel. The *M/V CARNIVAL VISTA* was unseaworthy in the following respects:

    a.   Failure to place proper warning signage;

b.  The crew restroom Plaintiff was required to use contained a dangerous, slippery substance which caused Plaintiff to slip, injuring his left wrist and back;

c.   Failure to provide proper equipment;

d.  The job methods and procedures were not reasonably fit for the intended purposes as they posed an unsafe method of operation and an unreasonable risk of injury;

e.  Inadequate manning and staffing;

f.  Inadequate training;

g.   Failure to warn;

h.   Failure to adequately instruct;

i.  Inadequate supervision;

j.  Inadequate equipment;

k.  Inadequate assistance;

l.  In that the master, owner and/or operators of the vessel failed to provide the Plaintiff with a reasonably safe ship and appliances and appurtenances and to keep same in a reasonably safe condition;

m.  In that the master, owners and/or operators of the vessel failed to provide a reasonably safe place for the Plaintiff to work and perform his duties;

n.  In that the master, owners and/or operators of the vessel failed to maintain said vessel and its equipment appliances in a reasonably safe condition;

o.  The vessel lacked adequate and fit medical crew to address Plaintiff's injuries; and,

p.  Other acts and/or omissions of unseaworthiness that will be found in discovery and proven at trial.

33.    As a direct and proximate result of the unseaworthiness of the vessel, the Plaintiff

was caused to suffer severe bodily injury, was and still is incapacitated from work, and will in the future be unable to engage in Plaintiff's vocation as a boat worker and/or any other occupation requiring the full use of his body and limbs.

34.     As a further direct and proximate result of this injury suffered by Plaintiff, the Plaintiff has and will continue to suffer pain and mental anguish and has incurred medical expenses for the alleviation of his injuries, suffered a diminishment of earning capacity as well as lost wages and has lost the enjoyment of leading a normal life, all of which injuries are permanent and continuing in nature.

**WHEREFORE**, Plaintiff demands all damages allowed under the general maritime law, including but not limited to compensatory damages, court costs, interest, and prejudgment interest, and demands trial by jury of all issues so triable.

### COUNT III- MAINTENANCE AND CURE CLAIM AGAINST CARNIVAL

Plaintiff realleges, incorporates by reference and adopts paragraphs 1 through 25 as though they were fully set forth herein and further alleges:

35.     The Defendant, CARNIVAL, owes its crewmembers, including Plaintiff, the duty to provide maintenance and cure if said crewmembers are injured while in the service of the ship. *Garay v. HOLLAND*, 904 F.2d 1527, 1529 (11th Cir. 1990). The obligation to provide maintenance and cure is an implied provision in maritime employment contracts. *Id.* (quoting *Aguilar v. Std. Oil Co.*, 318 U.S. 724, 730, 63 S. Ct. 930, 933-34 (1943)). The duty to provide maintenance and cure continues until a seaman, such as Plaintiff, is unequivocally declared to have reached maximum medical improvement, or "MMI". *Id.* (citing *Vella v. Ford Motor Co.*, 421 U.S. 1, 4-6, 95 S. Ct. 1381, 1383-84 (1975)).

36.     Additionally, or in the alternative, CARNIVAL undertook the duty to provide

Plaintiff with medical care and maintenance and cure benefits following his injuries.

37.     Defendant failed to provide Plaintiff medical care in a timely manner;

38.     Defendant, CARNIVAL, has not obtained a maximum medical cure declaration for Plaintiff's medical conditions.

39.     Defendant, CARNIVAL, failed to properly assess Plaintiff's left wrist condition.

40.     Defendant, CARNIVAL, failed to properly assess Plaintiff's lower back condition.

41.     CARNIVAL ceased Plaintiff's maintenance and cure benefits, without Plaintiff reaching overall maximum medical improvement.

42.     Plaintiff is owed maintenance and cure for any condition that arises or manifests or occurs while he is in the service of the vessel until the point where he has been declared to be at maximum medical cure, even if the condition arises while Plaintiff is shoreside obtaining medical treatment. *Duarte v. Royal Caribbean Cruises, Ltd.*, 761 So. 2d 367, 368 (Fla. 3d DCA 2000).

43.     As a result of the Defendant CARNIVAL's failure to provide maintenance and cure, the Plaintiff was injured about his body and extremities, suffered physical pain and suffering, mental anguish, loss of enjoyment of life, disability, disfigurement, inconvenience, aggravation of any previously existing condition, medical expenses for the care and treatment of his injuries in the past and for the foreseeable future, suffered physical handicap, past and future lost wages, past and future loss of earning capacity, loss of found, and his working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

44.     Plaintiff has retained an attorney to enforce his maintenance and cure rights and remedy Defendant's breach of the maintenance and cure obligations and is entitled to his attorney's fees for the obtaining of said benefits.

▪ BILLERA LAW ▪

2201 NW Corporate Blvd., Ste. 200, Boca Raton, FL 33431 ▪ TEL #(561) 500-7777 ▪ FAX #(561) 500-7778
Page **11** of **14**

**WHEREFORE**, Plaintiff demands all damages allowed under the general maritime law, including but not limited to compensatory damages, court costs, interest, prejudgment interest, attorney's fees, and demands trial by jury of all issues so triable.

<u>**COUNT IV- FAILURE TO PROVIDE PROMPT, PROPER**</u>
<u>**AND ADEQUATE MEDICAL CARE AGAINST CARNIVAL**</u>

Plaintiff realleges, incorporates by reference and adopts paragraphs 1 through 25 as though they were fully set forth herein and further alleges:

45.     Under the Jones Act, Defendant, CARNIVAL, owed the duty to provide prompt, proper and adequate medical care to its seamen, including Plaintiff, who fall ill or suffer injury in the service of a vessel. *De Zon v. American President Lines*, 318 U.S. 660, 667–68, 63 S. Ct. 814, 87 L. Ed. 1065 (1943); *Picou v. American Offshore Fleet, Inc.*, 576 F.2d 585, 587 (5th Cir. 1978).

46.     Defendant CARNIVAL's negligent failure to provide prompt, proper and adequate medical care gives rise to a Jones Act claim separate from Plaintiff's Jones Act negligence claims for the fall incident itself, and separate from Defendant's failure to provide maintenance and cure. *Atlantic Sounding Co., Inc. v. Townsend*, 557 U.S. 404, 422-23, 129 S. Ct. 2561, 2574 (2009) (citing *Cortes v. Baltimore Insular Lines*, 287 U.S. 367, 374-75, 53 S. Ct. 173, 175-76 (1932)); *Joyce v. Atlantic Richfield Co.*, 651 F.2d 676, 685 (10th Cir. 1981) ("Negligent failure to provide prompt medical attention to a seriously injured seaman gives rise to a separate claim for relief.").

47.     Defendant negligently failed to provide Plaintiff with prompt, proper, adequate, and complete medical care. CARNIVAL's negligent conduct includes, but is not limited to the following:

    a.  Failure to provide medical care in a timely manner; and/or

    b.  Defendant's failure to provide or arrange for Plaintiff to visit a shore side specialist

to address Plaintiff's injuries; and/or

c.  Defendant negligently failed to provide Plaintiff with adequate rest, physical therapy, and medical treatment following his initial injury; and/or

d.  Defendant negligently provided Plaintiff with on board treatment for his back and wrist injuries; and/or

e.  Failing to ensure Plaintiff received prompt and appropriate evaluation for his injuries to his left wrist and back, including MRIs; and/or

f.  By failure to properly treat the injuries after they were diagnosed; and/or

g.  Failure to provide follow up treatment as recommended by Plaintiff's treating physicians; and/or

h.  By sending Plaintiff home without proper medical care for his conditions which arose while he was not at maximum medical improvement.

48.     As a direct and proximate result of Defendant's failure to provide Plaintiff with prompt, proper and adequate medical treatment, Plaintiff suffered additional pain, suffering, and disability, aggravation of his underlying injury, and Plaintiff's recovery is prolonged.

49.     In addition, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of a previously existing condition, incurred additional medical expenses, suffered physical handicap, lost wages, income lost in the past, and Plaintiff's working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

**WHEREFORE**, Plaintiff demands all damages allowed under the general maritime law, including but not limited to compensatory damages, court costs, interest, and prejudgment interest, and demands trial by jury of all issues so triable.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff hereby demands a jury trial on all issues so triable.

Respectfully submitted this <u>12</u><sup>th</sup> day of November, 2024.

> **BILLERA LAW**
> *Attorneys For Plaintiff*
> 2201 N.W. Corporate Blvd. Suite 200
> Boca Raton, FL 33431
> T: (561) 500-7777
> F: (561) 500-7778
> Primary Email: John@Billeralaw.com
> Secondary Email: Nigina@Billeralaw.com
> Third Email: filing@billeralaw.com
> By:      <u>**/S/ JOHN F. BILLERA**</u>
>          JOHN F. BILLERA, ESQ.
>          Florida Bar No.: 869041

▪ **BILLERA LAW** ▪

**2201 NW Corporate Blvd., Ste. 200, Boca Raton, FL 33431 ▪ TEL #(561) 500-7777 ▪ FAX #(561) 500-7778**
Page **14** of **14**

Filing # 211493956 E-Filed 11/21/2024 04:13:03 PM

☑ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION | CIVIL ACTION SUMMONS (b) | CASE NUMBER |
|---|---|---|
| ☒ CIVIL<br>☐ DISTRICTS<br>☐ OTHERS | **Form for Personal Services on a Natural Person** | 2024-021553-CA-01 |

| PLAINTIFF(S) | VS    DEFENDANT(S) | CLOCK IN |
|---|---|---|
| Dean Wayne Nelson Wilson | Carnival Corporation | |

**THE STATE OF FLORIDA:**TO EACH SHERIFF OF THE STATE, YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this lawsuit on defendant:

| To Defendant(s): | Carnival Corporation<br>c/o NRAI SERVICES, INC | Address: | 1200 South Pine Island Road<br>Plantation, FL 33324 |
|---|---|---|---|

**IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response with the Clerk of the Court, you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below. The central location of the Clerk's office is at the Dade County Courthouse. The address for the courthouse, and branch locations are listed below for your convenience.

**"For those unable to pay for an attorney, information on how to seek free legal assistance can be found at www.dadecountyprobono.org."**

**MIAMI-DADE COUNTY COURT LOCATIONS**

☐ **Dade County Courthouse** (05)
Room 133
73 West Flagler Street
Miami, FL 33130

☐ **Joseph Caleb Center Court** (20)
Suite 103
5400 N.W. 22nd Avenue
Miami, FL 33142

☐ **Hialeah District Court** (21)
Room 100
11 East 6th Street
Hialeah, FL 33010

☐ **North Dade Justice Center** (23)
Room 100
15555 Biscayne Blvd.
North Miami Beach, FL 33160

☐ **Miami Beach District Court** (24)
Room 200
1130 Washington Avenue
Miami Beach, FL 33139

☐ **Coral Gables District Court** (25)
Room 100
3100 Ponce De Leon Blvd.
Coral Gables, FL 33134

☐ **South Dade Justice Center** (26)
Room 1200
10710 SW 211 Street
Miami, FL 33189

**SERVICE**

| Plaintiff/Plaintiff Attorney John F. Billera, Esq. | Address: |
|---|---|
| Florida Bar No. 869041 | 2201 Nw Corporate Blvd., Suite 200, Boca Raton, FL 33431 |

| **JUAN FERNANDEZ-BARQUIN**<br>**CLERK OF THE COURT AND COMPTROLLER**<br>**MIAMI-DADE COUNTY**<br>**CIRCUIT AND COUNTY COURTS** | | DATE ON: |
|---|---|---|
| | DEPUTY CLERK | |

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judici al Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1ˢᵗ Ave., Suite 2400, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174; Email ADA@jud11.flcourts.org; Fax (305) 349-7355 at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**

☐ IN THE CIRCUIT COURT IN AND FOR THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION | CIVIL ACTION SUMMONS (b) | CASE NUMBER |
|---|---|---|
| ☒ CIVIL<br>☐ DISTRICTS<br>☐ OTHERS | Form for Personal Services on a<br>Natural Person | 2024-021553-CA-01 |

| PLAINTIFF(S) | VS    DEFENDANT(S) | CLOCK IN |
|---|---|---|
| Dean Wayne Nelson Wilson | Carnival Corporation | |

**THE STATE OF FLORIDA:** TO EACH SHERIFF OF THE STATE, YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this lawsuit on defendant:

| To Defendant(s): | Carnival Corporation<br>c/o NRAI SERVICES, INC | Address: | 1200 South Pine Island Road<br>Plantation, FL 33324 |
|---|---|---|---|

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response with the Clerk of the Court, you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below. The central location of the Clerk's office is at the Dade County Courthouse. The address for the courthouse, and branch locations are listed below for your convenience.

**"For those unable to pay for an attorney, information on how to seek free legal assistance can be found at www.dadecountyprobono.org."**

### MIAMI-DADE COUNTY COURT LOCATIONS

| ☐ **Dade County Courthouse** (05)<br>Room 133<br>73 West Flagler Street<br>Miami, FL 33130 | ☐ **Joseph Caleb Center Court** (20)<br>Suite 103<br>5400 N.W. 22nd Avenue<br>Miami, FL 33142 | ☐ **Hialeah District Court** (21)<br>Room 100<br>11 East 6th Street<br>Hialeah, FL 33010 | ☐ **North Dade Justice Center** (23)<br>Room 100<br>15555 Biscayne Blvd.<br>North Miami Beach, FL 33160 |
|---|---|---|---|
| ☐ **Miami Beach District Court** (24)<br>Room 200<br>1130 Washington Avenue<br>Miami Beach, FL 33139 | ☐ **Coral Gables District Court** (25)<br>Room 100<br>3100 Ponce De Leon Blvd.<br>Coral Gables, FL 33134 | ☐ **South Dade Justice Center** (26)<br>Room 1200<br>10710 SW 211 Street<br>Miami, FL 33189 | **SERVICE** |

| Plaintiff/Plaintiff Attorney John F. Billera, Esq. | Address: | |
|---|---|---|
| Florida Bar No.    869041 | 2201 Nw Corporate Blvd., Suite 200, Boca Raton, FL 33431 |

| **JUAN FERNANDEZ-BARQUIN**<br>**CLERK OF THE COURT AND COMPTROLLER**<br>**MIAMI-DADE COUNTY**<br>**CIRCUIT AND COUNTY COURTS** |  38084<br>DEPUTY CLERK | **DATE ON:**<br><br>11/25/2024 |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1ˢᵗ Ave., Suite 2400, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174; Email ADA@jud11.flcourts.org; Fax (305) 349-7355 at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**

Filing # 211860221 E-Filed 11/27/2024 01:39:06 PM

## <u>RETURN OF SERVICE</u>

**State of Florida**         **County of Miami-Dade**         **Circuit Court**

Case Number: 2024-021553-CA-01

Plaintiff:
**DEAN WAYNE NELSON WILSON,**

vs.

Defendant:
**CARNIVAL CORPORATION**

For:
John F. Billera
BILLERA LAW, PLLC
2201 N.W. Corporate blvd., suite 200
Boca Raton, FL 33431

Received by Caplan, Caplan & Caplan Process Servers on the 25th day of November, 2024 at 4:38 pm to be served on **CARNIVAL CORPORATION C/O: NRAI SERVICES, INC, 1200 S. PINE ISLAND ROAD, PLANTATION, FL 33324**.

I, Luzeneida Gonzalez, do hereby affirm that on the **26th day of November, 2024** at **1:55 pm, I:**

served a **CORPORATION, REGISTERED AGENT** by delivering a true copy of the **SUMMONS, COMPLAINT AND DEMAND FOR JURY TRIAL** with the date and hour of service endorsed thereon by me, to: **NRAI SERVICES, INC.** as **REGISTERED AGENT** at the address of: **1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324** on behalf of **CARNIVAL CORPORATION C/O: NRAI SERVICES, INC**, and informed said person of the contents therein, in compliance with Florida State Statute 48.091.

**Additional Information pertaining to this Service:**
BY SERVING DONNA MOCH AS EMPLOYEE OF THE REGISTERED AGENT

I certify that I am over the age of 18, have no interest in the above action, and am a Sheriff Appointed Process Server in  good standing in the judicial circuit in which the process was served in the county in which this defendant/witness was served and have no interest in the above action.  Under penalty of perjury, I declare that I have read the foregoing Return of Service and that the facts stated in it are true and correct. No notary is required pursuant FS 92.525(2) and 28 USC Section 1746.

**Luzeneida Gonzalez**
1089

**Caplan, Caplan & Caplan Process Servers**
**351 SW 136th Avenue**
**Suite 207**
**Davie, FL 33325**
**(305) 374-3426**

Our Job Serial Number: CPN-2024046820
Service Fee: _____

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a



Filing # 211493956 E-Filed 11/21/2024 04:13:03 PM

☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION<br>☒ CIVIL<br>☐ DISTRICTS<br>☐ OTHERS | CIVIL ACTION SUMMONS (b)<br>Form for Personal Services on a<br>Natural Person | CASE NUMBER<br>2024-021553-CA-01 |
|---|---|---|
| **PLAINTIFF(S)**<br>Dean Wayne Nelson Wilson | **VS   DEFENDANT(S)**<br>Carnival Corporation | **CLOCK IN** |

THE STATE OF FLORIDA:TO EACH SHERIFF OF THE STATE, YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this lawsuit on defendant:

| To Defendant(s): **Carnival Corporation**<br>**c/o NRAI SERVICES, INC** | Address: **1200 South Pine Island Road**<br>**Plantation, FL 33324** |
|---|---|

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response with the Clerk of the Court, you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below. The central location of the Clerk's office is at the Dade County Courthouse. The address for the courthouse, and branch locations are listed below for your convenience:

For those unable to pay for an attorney, information on how to seek free legal assistance can be found at www.dadecountyprobono.org."

**MIAMI-DADE COUNTY COURT LOCATIONS**

| ☒ **Dade County Courthouse** (05)<br>Room 133<br>73 West Flagler Street<br>Miami, FL 33130 | ☐ **Joseph Caleb Center Court** (20)<br>Suite 103<br>5400 N.W. 22nd Avenue<br>Miami, FL 33142 | ☐ **Hialeah District Court** (21)<br>Room 100<br>11 East 6th Street<br>Hialeah, FL 33010 | ☐ **North Dade Justice Center** (23)<br>Room 100<br>15555 Biscayne Blvd.<br>North Miami Beach, FL 33160 |
|---|---|---|---|
| ☐ **Miami Beach District Court** (24)<br>Room 200<br>1130 Washington Avenue<br>Miami Beach, FL 33139 | ☐ **Coral Gables District Court** (25)<br>Room 100<br>3100 Ponce De Leon Blvd.<br>Coral Gables, FL 33134 | ☐ **South Dade Justice Center** (26)<br>Room 1200<br>10710 SW 211 Street<br>Miami, FL 33189 | **SERVICE** |

| Plaintiff/Plaintiff Attorney John F. Billera, Esq.<br><br>Florida Bar No.   869041 | Address:<br><br>2201 Nw Corporate Blvd., Suite 200, Boca Raton, FL 33431 | |
|---|---|---|
| **JUAN FERNANDEZ-BARQUIN**<br>**CLERK OF THE COURT AND COMPTROLLER**<br>**MIAMI-DADE COUNTY**<br>**CIRCUIT AND COUNTY COURTS** | 38084<br>DEPUTY CLERK | **DATE ON:**<br><br>11/25/2024 |

*(vertical left margin text)* DELIVERED 11/26/2024 1:55 PM   SERVER LG   LICENSE #

### AMERICANS WITH DISABILITIES ACT OF 1990
### ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2400, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174; Email ADA@jud11.flcourts.org; Fax (305) 349-7355 at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**