UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.: 1:24-cv-24894-WILLIAMS/GOODMAN

DEAN WAYNE NELSON WILSON,

    Plaintiff,

v.

CARNIVAL CORPORATION,
a foreign corporation,

    Defendant.
_____/

### **DEFENDANT'S MOTION TO COMPEL ARBITRATION AND TO STAY**

Defendant, Carnival Corporation ("Carnival"), moves to compel arbitration and stay these proceedings.

### **Introduction**

Plaintiff agreed to arbitrate any and all disputes, including the issue of arbitrability. Under a long line of Supreme Court and Eleventh Circuit precedent, such agreements are enforceable as long as they are valid. Here, Plaintiff alleges no issues with validity, so the Court should compel arbitration to determine the gateway issue of arbitrability in accord with the Parties' agreement.

### **Seafarer's Agreement**

On February 12, 2022, Plaintiff signed an agreement to join the *Carnival Vista* for employment. *See* Exhibit 1 at p. 1–2 ("Seafarer's Agreement"). In consideration for the offer of employment, Plaintiff agreed to "each and every term and condition" in the Seafarer's Agreement. *See id.* at p. 2. On page 4 of the Terms and Conditions, in Paragraph 9, Plaintiff agreed to arbitrate any and all disputes, including the issue of arbitrability:

> **9.      Arbitration. Except for a wage dispute governed by CCL's Wage Grievance Policy and Procedure, any and all disputes, arising out of or in connection with this Agreement or Seafarer's service on the vessel, no matter how described, pleaded, or styled including but not limited to constitutional, statutory, common law, admiralty, personal injury, intentional tort, contract, equitable claims, claims of injury, medical and lodging benefits claims, inadequacy or improper care claims, or employment disputes, whether accruing prior to, during or after the execution of this Agreement, shall be resolved by final and binding arbitration on an individual basis. In addition, Seafarer agrees to arbitrate on an individual basis any and all disputes regarding the existence, validity, termination or enforceability of any term or provision in this Agreement, *including but not limited to this provision to arbitrate*. . . . The seat of the arbitration and the final hearing shall be either in Panama City, Panama or Manila, Philippines whichever is closer to Seafarer's home country.**

*See* Ex. 1 at p. 6 (bold in original; italics added for emphasis).

Here, Carnival invokes the second sentence of this provision; it requests that the Court compel arbitration so that an arbitrator can decide whether the arbitration provision can be enforced as to whether to arbitrate, the manner in which the Parties will arbitrate, and Plaintiff's underlying claims for damages.

## **Procedural Background**

The history of this case warrants the Court's attention. Pursuant to the Seafarer's Agreement, detailed *supra*, Plaintiff agreed to arbitrate any and all claims he had against Carnival. In fact, Plaintiff initiated arbitration with National Arbitration and Mediation (NAM) on April 12, 2024. *See* Exhibit 2 ("Demand for Arbitration"). The Seafarer's Agreement clearly delineates the Parties' agreement as to the manner in which to allocate the costs of arbitration:

> Seafarer and CCL agree to each pay one-half (1/2) of the fees required to initiate arbitration under the terms of this Agreement. The arbitration shall not commence until both parties pay their portion of the required fee. Once arbitration is commenced, CCL shall pay for the all other reasonable administrative costs of arbitration and fees of the arbitrator as assessed by NAM.

*See* Ex. 1 at p. 6. In sum, Carnival pays the lion's share of the costs of arbitration in exchange for Plaintiff's promise to pay one-half of the initial filing fee. However, after Plaintiff submitted his

arbitration claim, Plaintiff represented to NAM that he was unable to pay his one-half portion of the initial filing fee, which is typically $1,500 USD. Thus, NAM administratively closed Plaintiff's arbitration claim until he paid his agreed upon one-half portion of the initial filing fee. NAM's forum remains available to him.

Rather than paying NAM, on November 12, 2024, Plaintiff filed a complaint in Miami-Dade County Circuit Court, wherein he alleged the same causes of action as his Demand for Arbitration. In this case, Plaintiff's attorney's law firm, Billera Law, paid that initial filing fee ($401 USD) on Plaintiff's behalf, pursuant to a promise that the firm makes to its clients, which is that there are no fees or costs unless the attorney obtains a recovery on the plaintiff's behalf. *See* Exhibit 3 ("Screenshot of Docket"). Specifically, Billera Law's website makes the following statement: "**At Billera Law….there is NEVER a fee or cost unless we make a recovery for you.**" *See* Exhibit 4 ("Screenshot of Website") (emphasis added). Since paying the state court filing fee, Billera Law has also paid other fees for the summons and service.

On one hand, Billera Law refused to pay the one-half portion of the initial arbitration fee on behalf of its client (like it has done so in numerous other NAM arbitrations involving Carnival), but on the other, Billera Law willingly paid the state court fees. The reason: Billera Law wants to undermine the Parties' arbitration agreement and proceed in state court because that is where it would rather litigate this case.[1]

Regardless of this attempt to undermine Plaintiff's contractual obligations, it is up to the arbitrator to decide these issues, not this Court.

---

[1] Billera Law has filed a similar case in Miami-Dade County Circuit Court, involving a former Carnival crewmember, Jennifer Melissa Fredericks Taylor, wherein he claimed that his client is unable to pay the one-half portion of the initial filing fee. Once it has been served, Carnival will also remove that case to compel arbitration.

Case No. 24-cv-24894-KMW

## Memorandum of Law

**I.     The Court has jurisdiction to compel arbitration.**

Arbitration agreements are governed by the Federal Arbitration Act, 9 U.S.C. Section 1 et. seq. ("FAA") and by the New York Convention of the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. Section 201 (the "New York Convention"). The New York Convention governs here because this is an action relating to an international arbitration agreement under the laws and treaties of the United States. *See* 9 U.S.C. § 205 *and* 28 U.S.C. § 1441. Under the New York Convention, and as held by *Bautista v. Star Cruises*, this Court has federal subject matter jurisdiction to compel arbitration pursuant to an agreement in an international seaman's employment contract. *See* 396 F.3d 1289, 1294 (11th Cir. 2005) (citing 9 U.S.C. § 203). 9 U.S.C. § 206 requires courts to compel arbitration "at any place therein provided for, whether that place is within or without the United States."

Whether to compel arbitration under the New York Convention is a "limited inquiry" consisting of determining four jurisdictional prerequisites: (1) whether there is an agreement in writing to arbitrate; (2) whether the agreement provides for arbitration in the territory of a signatory of the New York Convention; (3) whether the agreement arises out of a legal relationship, whether contractual or not, which is considered commercial; and (4) whether a party to the agreement is not an American citizen or the relationship otherwise "envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states." *See Bautista*, 396 F.3d at 1294 n.7 (citation omitted), *cited in Lindo v. NCL (Bahamas) Ltd.*, 652 F.3d 1257, 1272 n.10 (11th Cir. 2011); *accord Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 339–40 (5th Cir. 2004). If these prerequisites are met, a court must compel arbitration unless one of the New York Convention's affirmative defenses applies. *See Bautista*, 396 F.3d at 1294–95 (citations omitted).

All four jurisdictional requirements exist here. First, there is an agreement in writing to arbitrate. *See* Ex. 1. Second, the agreement provides for arbitration in the territory of a signatory of the New York Convention, as both Panama and the Philippines are signatories.[2] Third, the Seafarer's Agreement relates to a commercial relationship (i.e., employment). *See Leighton v. Royal Caribbean Cruises Ltd.*, Case No. 1:16-cv-20507-KMM, 2016 WL 1321417, *2 (S.D. Fla. Apr. 5, 2016) ("There is no dispute among the parties that the first three jurisdictional requirements are met."). And fourth, Plaintiff is a citizen of Nicaragua and not the United States. Accordingly, all four prerequisites exist, which means this Court has jurisdiction to compel arbitration under the New York Convention.

**II.     Whether Plaintiff's claim is arbitrable is for the arbitrator to decide.**

Arbitrability should be decided by an arbitrator and not this Court. Parties are permitted to agree "to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Rent-a-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68–69 (2010) (citing *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83–85 (2002) and *Green Tree Financial Corp. v. Bazzle*, 539 U.S. 444, 452 (2003)). If there is a delegation provision to arbitrate the issue of arbitrability, then the FAA "operates on this additional arbitration agreement just as it does on any other." *Id.* at 70. *See also Attix v. Carrington Mortg. Servs., LLC*, 35 F.4th 1284, 1295–96, 1309–10 (11th Cir. 2022) (citing *Henry Schein, Inc., v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 527–29 (2019)). Thus, assuming the agreement is valid, the proper remedy is to compel arbitration and stay the federal litigation. *See Jackson*, 561 U.S. at 70 (citing FAA §§ 2–4), *cited in Martinez v. Carnival Corp.*, 744 F.3d 1240, 1246 (11th Cir. 2014)

---

[2] *See* New York Arbitration Convention, Contracting States – List of Contracting States https://www.newyorkconvention.org/list+of+contracting+states (last visited December 10, 2024).

(affirming the district court's order compelling arbitration and staying the federal proceedings). *See also Singh v. Carnival Corp.*, Case No. 1:23-cv-24173-BLOOM, ECF No. 46 (S.D. Fla. May 6, 2024) (granting motion to compel and to stay on same grounds as raised here) and *Gonzalez v. Carnival Corp.*, 1:24-cv-21361-MOORE, ECF No. 43 (S.D. Fla. Nov. 22, 2024). In fact, the Supreme Court recently held that district courts must stay the proceedings if the court concludes that arbitration is proper and a party requests a stay. *See Smith v. Spizzirri*, 601 U.S. 472, 475–76 (2024) ("When a federal court finds that a dispute is subject to arbitration, and a party has requested a stay of the court proceeding pending arbitration, the court does not have discretion to dismiss the suit on the basis that all the claims are subject to arbitration.").

Pursuant to the Parties' delegation provision in the Seafarer's Agreement, the Court should compel arbitration, and stay this matter, so that an arbitrator can decide whether the arbitration provision can be enforced as to whether to arbitrate, the manner in which the Parties will arbitrate, and Plaintiff's underlying claims for damages.

## Conclusion

The Parties have an agreement to arbitrate the gateway issue of whether a claim is arbitrable. Under binding law, this agreement is enforceable if it is valid. Because there are no allegations to suggest invalidity, and because all four jurisdictional requirements under the New York Convention exist here, the Court should compel arbitration, and stay this matter, so that an arbitrator can decide whether the to arbitrate, the manner in which the Parties will arbitrate, and Plaintiff's underlying claims for damages.

WHEREFORE, Defendant, Carnival Corporation, respectfully requests that the Court compel arbitration and stay these proceedings.

Case No. 24-cv-24894-KMW

## **LOCAL RULE 7.1 CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to S.D. Local Rule 7.1(a)(3), counsel for Defendant conferred with Plaintiff's counsel, who expressed opposition to the relief sought in this motion.

Respectfully submitted,

MASE SEITZ BRIGGS, P.A.
*Attorneys for Defendant*
2601 S. Bayshore Drive, Suite 800
Miami, Florida 33133
Telephone: (305) 377-3770
Facsimile: (305) 377-0080

By:   */s/ Jeffrey A. Caisse*
CURTIS J. MASE
Florida Bar No.: 478083
cmase@maselaw.com
JEFFREY A. CAISSE
Florida Bar No.: 1011243
jcaisse@maselaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed with the Court via CM/ECF on December 20, 2024.

By:   */s/ Jeffrey A. Caisse*
JEFFREY A. CAISSE

## **SERVICE LIST**
### **DEAN WAYNE NELSON WILSON v. CARNIVAL CORPORATION**
### **CASE NO.: 24-cv-24894-KMW**

John F. Billera, Esq.
BILLERA LAW, PLLC
2201 N.W. Corporate Blvd., Suite 200
Boca Raton, Florida 33431
Tel: (561) 500-7777
Fax: (561) 500-7778
John@Billeralaw.com
Nigina@Billeralaw.com
Filing@Billeralaw.com
*Attorneys for Plaintiff*